[No. 5729.   Decided December 19, 1905.]

WILLIAM B. OGDEN, *Respondent,* v. CHEHALIS COUNTY,
*Appellant.*[1]

APPEAL—RECORD—SERVICE OF PAPERS—SUPPLEMENTAL RECORD.   A
motion to strike a statement of facts and briefs because not duly
filed or served will be denied where a supplemental record is filed
negativing the grounds of the motion.

APPEAL—REVIEW—CESSATION OF CONTROVERSY.   An appeal from a
judgment against a county will not be dismissed on the ground of
the cessation of the controversy, from the fact of a satisfaction of
the judgment and the issuance of a warrant by the county auditor,
where it appears that the satisfaction was entered pursuant to Bal.
Code, § 5676, for the purpose of securing a warrant for its payment,
which is in lieu of an execution, and it does not appear that the
county authorities have ever authorized a voluntary payment, but
the case stands as an ordinary case where execution has been
levied.

JUSTICES OF THE PEACE—COMPENSATION—ELECTED IN CITY OF LESS
THAN 5000 INHABITANTS—GROWTH OF CITY TO SUCH POPULATION—EF-
FECT—STATUTE—CONSTRUCTION.   Laws 1897 p. 110, providing that
after the election to be held in November, 1898, there shall be but
one justice of the peace in cities having more than five thousand
inhabitants, whose salary shall be $1,200 per annum, supersedes the
act of 1891, providing a salary for all justices in such cities; and
hence no salary is fixed for the justices in a city of less than five
thousand inhabitants, during the time after such city acquires more
than five thousand inhabitants, until one of them is duly elected at
a biennial election a justice of a city of that size (RUDKIN, J., dis-
senting).

Appeal from a judgment of the superior court for Che-
halis county, Irwin, J., entered January 23, 1905, upon
findings in favor of the plaintiff, after a trial on the merits
before the court without a jury, in an action by a justice of
the peace to recover his salary.   Reversed.

*E. E. Boner, W. H. Abel,* and *John C. Hogan,* for ap-
pellant.

*C. W. Hodgdon,* for respondent.

[1]Reported in 82 Pac. 1095.

HADLEY, J.—This is an action to recover of Chehalis county an amount which the plaintiff claims is due him as salary for services as justice of the peace in the city of Hoquiam in said county. The complaint alleges, that the city of Hoquiam is a city of the third class, and that during the months of July, August, and September, 1904, it had more than 5,000 inhabitants; that, prior to the commencement of this action, the plaintiff paid to the treasurer of the said county all fees and fines by him collected from any source during the months above named; that the plaintiff filed with the county auditor his claim for salary, and that the auditor, by direction of the board of county commissioners, refused to draw a warrant therefor. Judgment is asked for the amount claimed as accrued salary.

The answer alleges, that the plaintiff and one Warren were elected and qualified as justices of the peace for the city of Hoquiam and the precincts thereof, at a time when said city contained less than 5,000 inhabitants; that ever since, and particularly through the months for which plaintiff claims a salary, both plaintiff and said Warren were holding the office of justice of the peace, and both were acting as justices for the city of Hoquiam and the precincts thereof; that said Warren is also claiming a salary, and has commenced suit to recover the same. A demurrer to the affirmative matter in the answer was sustained, but the cause went to trial upon the issues made by denials in the answer. The cause was tried by the court without a jury. It was stipulated in writing that during the months of July, August, and September, 1904, the population of the city of Hoquiam was more than 5,000. Judgment was rendered for the plaintiff, and the county has appealed.

Respondent moves to strike the statement of facts for the alleged reason that it was not filed in time, and for the further reason that no copy thereof was served upon respondent. A supplemental record filed by appellant negatives the grounds stated, and the motion is denied. The same is true

of a motion to strike appellant's brief, which is also denied.

Respondent further moves to dismiss the appeal, for the reason, as he alleges, that the judgment has been fully paid and satisfied by voluntary payment made before the appeal was taken. Respondent in his brief directs our attention to no part of the record in support of his motion except the statement of facts. The following recital is inserted in the statement of facts:

"That on January 23d, 1905, the plaintiff demanded and the clerk duly issued to him an abstract of judgment therein granted and thereupon the plaintiff duly acknowledged payment of said judgment and satisfied and discharged the said judgment in full on the records and files of said cause and court and said satisfaction and discharge was made on January 23d, 1905."

Appellant also concedes in its brief that a warrant was the same day issued by the county auditor. The satisfaction mentioned was entered an the same day the judgment was entered. It was a satisfaction entered by respondent, and it is not shown that appellant authorized it. It shows upon its face that it was entered for the purpose of procuring from the clerk a certified transcript of the judgment as is required in the case of judgments against municipal corporations. Bal. Code, § 5676. Such a transcript takes the place of an execution under ordinary judgments, and the above statute provides that, when it is presented to the officer of the municipality who is authorized to draw orders on the treasury thereof, it shall be the duty of such officer to draw an order for the amount of the judgment. Neither the satisfaction of the judgment, nor the issuance of an order by a mere ministerial officer whose duties are prescribed by law, amounts to a voluntary payment of the judgment, unless the municipality especially authorizes it as such payment. An appeal may be taken from the judgment within the time provided by law, notwithstanding the entry of satisfaction and the issuance of an order by a mere ministerial officer. There is nothing here

to show that the county authorized the satisfaction or the issuance of an order as a voluntary payment of the judgment. The case stands as any other case where execution has been levied upon property and the judgment involuntarily satisfied through execution prior to perfecting an appeal. In such cases relief is afforded through the statute, Bal. Code, § 6526, the pertinent portion of which is as follows:

"If by a decision of the supreme court the appellant becomes entitled to a restoration of any part of the money or property that was taken from him by means of the judgment or order appealed from, either the supreme court or the court below may direct an execution or writ of restitution to issue for the purpose of restoring to the appellant his property, or the value thereof."

The motion to dismiss the appeal is denied.

Respondent contends that, under the authority of *Anderson v. Whatcom County,* 15 Wash. 47, 45 Pac. 665, 33 L. R. A. 137, he is entitled to recover. That decision was rendered in 1896 and at a time when the law of 1891 was in force. See, Laws 1891, p. 8. Section 1 of that act provided that justices of the peace in cities of the third class having more than 5,000 inhabitants should receive an annual salary of $1,200. It was also provided that the population of a city for the purpose should be determined by the last state or Federal census. Art. 4, § 10, of the state constitution, contains the following provision:

"The legislature shall determine the number of justices of the peace to be elected in incorporated cities or towns and in precincts, and shall prescribe by law the powers, duties, and jurisdiction of justices of the peace. *Provided,* That such jurisdiction granted by the legislature shall not trench upon the jurisdiction of superior or other courts of record, except that justices of the peace may be made police justices of incorporated cities and towns. In incorporated cities or towns having more than five thousand inhabitants, the justices of the peace shall receive such salary as may be provided by law, and shall receive no fees for their own use."

It was held in *Anderson v. Whatcom County, supra,* that it is not competent for the legislature to limit the ascertainment of the population to a state or federal census; that the fact may be otherwise competently ascertained, and when so done, the above constitutional provision is self-executing and immediately confers upon qualified justices in such cities the salary provided for them by law. If the legislature had provided no salary for such as Anderson, there could have been no recovery, even though a population of 5,000 existed. Therefore the pertinent inquiry here is, has the legislature provided by law for the payment of a salary to such as respondent? Prior to the Anderson decision, the legislature had, by the act of 1891, fixed a salary for all justices in such cities without any qualification or limitation as to number or otherwise, and it follows that all such were entitled to the salary. In 1897, however, a new act was passed in relation to the same subject. Laws 1897, p. 110, chap. 66. The act is as follows:

"An Act relating to justices of the peace and constables in cities having more than five thousand inhabitants, and fixing their number and salaries.

"*Be it enacted by the Legislature of the State of Washington:*

"Section 1.    There shall be elected at the general election to be held in November, 1898, and biennially thereafter in cities of more than five thousand inhabitants only one justice of the peace and one constable and no more.

"Sec. 2.    The salaries of justices of the peace and constables elected at the general election to be held in November, 1898, and biennially thereafter in cities of more than five thousand inhabitants shall be as follows:    (1) Salaries of justices of the peace, twelve hundred dollars per annum, payable as now provided by law.    (2) Salaries of constables, seven hundred and twenty dollars per annum, payable as now provided by law."

The act contains no repealing clause, but inasmuch as it deals with the same subject-matter as the previous act of 1891, it must be held to have superseded the earlier act in all

things wherein it is inconsistent with the earlier one.  It will be seen that the act of 1897 limits the number of justices in cities of 5,000 inhabitants to one, after the general election of 1898, and fixes a salary for such only as should be elected at that time and biennially thereafter in cities of more than 5,000 inhabitants.  Under the constitution, the fixing of the salary rests entirely with the legislature, and by the act of 1897 it did fix it and definitely stated that the salary is for such as should be elected in 1898 and biennially thereafter.  Respondent was neither elected at such biennial election in a city of more than 5,000 inhabitants, nor was he serving as the successor by appointment of one so elected.  It is manifest that the legislature did not intend to establish the anomalous condition that will prevent the payment of more than one salary following a biennial election after a city contains more than 5,000 inhabitants, and will at the same time permit the payment of more than one from the time a population of 5,000 is actually reached until such biennial election occurs.  Such an intention is neither supported by ordinary reasoning nor by the most common business methods.  To avoid such a result, the legislature, in effect, has said that there shall be no salary for a justice of the peace in a city of 5,000 or more until such justice is elected at a regular biennial election after the 5,000 limit has been reached.  It follows that there was no law fixing a salary for respondent during the time for which he makes his claim.

The judgment is reversed, and the cause remanded with instructions to dismiss the action.

MOUNT, C. J., FULLERTON, CROW, and DUNBAR, JJ., concur.

RUDKIN, J. (dissenting) — The respondent occupies a singular position.  He is a duly elected, qualified, and acting justice of the peace.  Under the decision in *Anderson v. Whatcom County*, 15 Wash. 47, 45 Pac. 665, 33 L. R. A. 137, the self-executing provision of the state constitution

cuts off his fees, and now this court cuts off his salary. All is lost but honor. If the decision in *Anderson v. Whatcom County* is correct, I do not think that the act of 1897 repeals by implication the act of 1891 as to salaries accruing between the time the population reaches five thousand and the next ensuing general election. I think the case of *Anderson v. Whatcom County* should be overruled, or this case affirmed. I therefore dissent.